IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SANDRA KAY HARKLEROAD,           )
                                 )
         Plaintiff,              )
                                 )
    v.                           )    Civil Action No. 15-650
                                 )
COMMISSIONER OF SOCIAL SECURITY, )
                                 )
         Defendant.              )

O R D E R

AND NOW, this 14th day of September, 2016, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the

evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The Court finds no merit in Plaintiff's contentions that the administrative law judge ("ALJ") erred in his treatment of the medical opinions in this matter and in finding her to be not disabled under the Act.

This Court previously held in Doty v. Colvin, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014), that an ALJ is not required to base his or her findings regarding a claimant's residual functional capacity ("RFC") on a particular medical opinion and that an ALJ is not required to base his or her rejection of a medical opinion as to functional limitations expressly on another opinion. The Court explained that this holding is consistent with Third Circuit case law providing that "[t]he ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). See also 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c); S.S.R. 96-5p, 1996 WL 374183 (S.S.A. 1996). It is also consistent with case law providing that "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006). See also Chandler, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in Titterington, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. See also Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003); Cummings v. Colvin, 2015 WL 4092321, at **5-6 (W.D. Pa. July 7, 2015); Carter v. Colvin, 2015 WL 1866208, at *10 n.3 (W.D. Pa. Apr. 23, 2015); Goodson v. Colvin, 2014 WL 5308021, at *3 (Oct. 16, 2014).

Accordingly, the ALJ was not required merely to adopt the opinion of the consultative examiner, Dr. Russell Biundo, M.D., or that of the state reviewing agent, Dr. Reynaldo Torio, M.D., in formulating Plaintiff's RFC. Instead, he was to base his RFC findings on all of the evidence. Nothing in the Act or the regulations precluded the ALJ from making an RFC assessment even if no doctor had specifically made the same findings and even if the only medical opinions in the record are to the contrary. See Hayes v. Astrue, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007). Indeed, unlike the opinion of a treating physician, which under certain circumstances must be given controlling weight, see 20 C.F.R. § 404.1527(c)(2), here, the opinions at issue were from non-treating physicians, and were not entitled to controlling weight under any circumstances.

Plaintiff, while acknowledging that an ALJ need not simply mechanically adopt the medical opinions of record, implies, nonetheless, that it is not reasonable to reject *two* opinions. However, this case actually provides a vivid illustration as to why this is not and should not be the case. Here, the two opinions differed as to Plaintiff's functional

2

limitations in several regards.  In fact, Dr. Torio expressly indicated that his opinion was inconsistent with that of Dr. Biundo.  (R. 61).  In other words, the ALJ could not have made an RFC finding simply by looking at the opinions because they provided conflicting evidence.  Plaintiff suggests that the ALJ may look at the other evidence in the record in deciding which opinion is "right" and which is "wrong" as to functional capacity, but apparently that he cannot find that the evidence demonstrates that both are wrong in this regard.  Not only does this make little practical sense, there is simply nothing in the case law or the regulations that provides that the ALJ must presume the accuracy of at least one opinion (or aspects of that opinion).  Simply put, if the ALJ can reject or give less weight to one opinion because it is inconsistent with the other record evidence, there is no reason that he cannot reject or give less weight to two.

Plaintiff is correct, however, that, in any event, substantial evidence must support an ALJ's findings as to the claimant's RFC and as to the ALJ's decision not to follow a medical opinion.  Here, however, substantial evidence does support the ALJ's findings.  Contrary to Plaintiff's contentions, the ALJ did far more than rely on the fact that Plaintiff had gone on vacation, applied for employment, and reported that medications were helpful in weighing the opinions at issue.  The ALJ relied primarily on the objective medical evidence in weighing Dr. Biundo's opinion, and, contrary to Plaintiff's argument, his discussion of that evidence was not vague or ambiguous.  He thoroughly discussed her treatment history and expressly explained how he formulated the RFC based on that history.  (R. 16-18).  He also noted that Plaintiff herself claimed to be able to lift more than what had been opined by Dr. Biundo.  (R. 17).  He did discuss how Plaintiff's activities of daily living, including her vacation, and work history, including the fact that she had received unemployment benefits and applied for employment, undermined her credibility and supported the RFC finding.  (R. 18-19).  However, these factors were discussed merely as part of the ALJ's overall analysis, which is entirely proper.  See Garrett v. Comm'r of Soc. Sec., 274 Fed. Appx. 159, 164 (3d Cir. 2008) (citing Burns v. Barnhart, 312 F.3d 113, 129-30 (3d Cir. 2002)) (ALJ can consider a claimant's daily activities in determining the severity of his or her impairments); Myers v. Barnhart, 57 Fed. Appx. 990, 997 (3d Cir. 2003) (ALJ can consider a claimant's receipt of unemployment benefits in determining disability).  Indeed, none of these factors were cited as uniquely precluding Plaintiff from being disabled; rather, they were part of the ALJ's overall factual analysis, as they should have been.

Similarly, in assessing Dr. Torio's opinion, the ALJ again cited to Plaintiff's routine and conservative treatment record and reported activities of daily living as being suggestive that Plaintiff could perform more than light work.  (R. 19).  He further pointed out that facts not known to Dr. Torio, such as the fact that she had gone on vacation, applied for employment, and reported that medications were helpful, further reflected lesser limitations than those found by Dr. Torio.  Again, the ALJ did not in any way find that any of these factors were determinative, merely that they supported the weight afforded to Dr. Torio's opinion and the RFC findings.

Accordingly, the ALJ adequately explained the basis for his findings, and substantial evidence supports his decision.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 9) is DENIED, and Defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:	Counsel of record